UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAMICKO MURRYA MCIVER,

                Plaintiff,

-against-                      24-CV-9102 (LLS)

GINGER ALE; CANADA DRY; KEURIG DR.    ORDER OF DISMISSAL
PEPPER,

                Defendants.

LOUIS L. STANTON, United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action against Defendants "Ginger Ale," Canada Dry, and Keurig Dr. Pepper, alleging that they engaged in false advertising. By order dated December 2, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the complaint.

**STANDARD OF REVIEW**

      The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are drawn from the complaint.[1] From 2022 to the present, in Plaintiff's home, she has purchased Defendants' "product[s] in varies of flavors believing its made of real Ginger when its made of artificial favor & no ginger at all. False advertising." (ECF 1, at 6.) For her injuries, Plaintiff indicates that she spent "thousands of food stamps & cash . . . believing I'm buying healthy soda with no real ginger as advertised it has no ginger at all." (*Id.* at 7.) Plaintiff seeks $5,000 in damages "to replace food stamps." (*Id.*)

## DISCUSSION

Plaintiff brings this action against soda companies, alleging that she purchased their products based on their alleged claim that their sodas contained real ginger. The Court concludes, however, that Plaintiff cannot bring claims against Defendants regarding their alleged false advertising.

False advertising claims may be asserted under the Lanham Act, 15 U.S.C. § 1125(a), which can provide relief for consumers who assert that a defendant falsely advertised a product. To state a claim under the Lanham Act, however, "[the] plaintiff must allege an injury to a commercial interest in reputation or sales." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 131-32 (2014). "A consumer who is hoodwinked into purchasing a disappointing product . . . cannot invoke the protection of the Lanham Act." *Id.* at 132. Because the allegations suggest only that Plaintiff's beliefs, based on Defendants' alleged false representations of their product, caused her to purchase their sodas, she cannot state a claim under this statute.

---

[1] The Court quotes from the complaint verbatim. All spelling, punctuation, and grammar are as in the original unless noted otherwise.

Plaintiff also cannot state a claim under the Federal Trade Commission Act ("FTC") Act, *see* 15 U.S.C. § 45, which prohibits false advertising in products as well, because the FTC Act does not provide individuals with a private right of action to bring a claim under the statute. *See Alfred Dunhill Ltd. v. Interstate Cigar Co.*, 499 F.2d 232, 237 (2d Cir.1974) ("[T]he provisions of the Federal Trade Commission Act may be enforced only by the Federal Trade Commission. Nowhere does the Act bestow upon either competitors or consumers standing to enforce its provisions."); *Naylor v. Case and McFrath, Inc.*, 585 F.2d 557, 561 (2d Cir. 1978) ("[I]t is clear that no private right of action arises under [15 U.S.C. § 45]."). Similarly, "no private right of action exists under the [Food Drug and Cosmetic] Act," *Eon Labs Mfg. Inc. v. Watson Pharms., Inc.*, 164 F. Supp. 2d 350, 361 n.14 (S.D.N.Y. 2001), another federal statute that addresses false advertising.

The Court therefore dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal

claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting.

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   June 18, 2025
        New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.

4